REILLY v. SULZBACH.

(Supreme Court, Appellate Division, Second Department. March 31, 1916.)

CONTRACTS ⬩⇒322(1)—ALLOWANCE FOR FAILURE TO PERFORM—BURDEN OF PROOF.

In case of inadvertent omissions, variation, or defective workmanship, not vital to performance of a contract, the contractor suing thereon has the burden of proving the amount of any allowance to be made for the deviations from strict performance.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1306, 1465, 1754, 1772; Dec. Dig. ⬩⇒322(1).]

Appeal from Queens County Court.

Action by Elmore T. Reilly against Jacob Sulzbach. From a judgment for defendant, and an intermediate order, plaintiff appeals. Judgment reversed, and new trial ordered, and intermediate order affirmed.

Argued before JENKS, P. J., and STAPLETON, MILLS, RICH, and PUTNAM, JJ.

Clarence Edwards, of Elmhurst, for appellant.
William E. Stewart, of Long Island City, for respondent.

PER CURIAM. In the course of this protracted trial we think plaintiff's counsel fell into error through overconfidence, so that eventually recovery was staked upon the results of the measurement of the inside of the boilers. Upon an official measurement in the presence of court, counsel, and plaintiff in person, the inside diameter of both boilers averaged 2 inches less than the specified 66 inches, with a smaller reduction in the lengths. There was evidence likewise of imperfections in the erection of the smokestack subsequently ordered.

In case of inadvertent omissions, variations, or defective workmanship, not vital to performance, plaintiff has the burden of proving the amount of any allowance to be made therefor. Spence v. Ham, 163 N. Y. 220, 227, 57 N. E. 412, 51 L. R. A. 238. For a more correct determination of the rights of the parties, we think there should be a new trial. It is not too late to amend the complaint in respect to the allegation of due performance of all the contract conditions.

The judgment of the County Court of Queens County, in favor of defendant, is accordingly reversed, and a new trial ordered, without costs of this appeal, but with leave to apply to the Special Term, if plaintiff be so advised, to amend his complaint upon proper terms. Intermediate order affirmed, without costs.